**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DIRECT SUPPLY, INC.,                           )
                                               )
          Plaintiff,                     )
                                               )
          v.                             )   C.A. No. _____
                                               )
LAYLA SLEEP, INC.,                             )   **JURY TRIAL DEMANDED**
                                               )
          Defendant.                     )

**COMPLAINT**

Plaintiff Direct Supply, Inc. ( "Plaintiff"), by and through its undersigned counsel, files this Complaint for patent infringement against Defendant Layla Sleep, Inc. ("Defendant") and hereby alleges as follows:

**NATURE OF THE ACTION**

1.      This action arises under the patent laws of the United States, Title 35 of the United States Code, based on Defendant's infringement of a patent owned by Plaintiff pertaining to a reversible mattress providing a different firmness on each side.  Plaintiff seeks damages for Defendant's infringement, and an injunction barring Defendant from further infringement. Plaintiff further seeks that this case be adjudged an exceptional case under 35 U.S.C. § 285 and that Plaintiff be awarded its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Defendant.

**THE PARTIES**

2.      Plaintiff Direct Supply, Inc. is a company organized and existing under the laws of the State of Wisconsin, with a place of business located at 6635 Champions Way, Milwaukee, Wisconsin 53223.

3.      Defendant Layla Sleep, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 157 Church Street, New Haven, Connecticut 06510. The Delaware registered agent for Defendant is GKL Registered Agents of DE, Inc., 9 East Loockerman Street, Suite 311, Dover, Delaware 19901.

<strong><u>JURISDICTION AND VENUE</u></strong>

4.      This is an action for patent infringement arising out of the unauthorized making, using, importing, offering for sale, and selling of infringing products and services by Defendant in violation of Plaintiff's patent rights.  Because this is an action for infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant in that, at all times pertinent hereto, upon information and belief, Defendant was and is incorporated in this District, was and is doing business in this District, has had and has systematic activities in this District, and was and is committing infringing acts in this District.

6.      Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant is subject to personal jurisdiction in this District, due at least to the fact that Defendant was incorporated in this District.

<strong><u>GENERAL ALLEGATIONS</u></strong>

7.      Plaintiff is the owner of U.S. Reissue Patent No. RE49,685 ("the '685 Patent" or "Asserted Patent").  A true and correct copy of the '685 Patent is attached hereto as Exhibit A.

8.      The '685 Patent pertains to a reversible mattress providing a different firmness on each side. The inventions claimed by the '685 Patent were not well-understood, routine, or conventional.

2

9.    On October 10, 2023, the United States Patent and Trademark Office duly and legally issued the '685 Patent, entitled "Medical Mattress With Firmness Adjustment." The '685 Patent lists Justin Taylor Morgan, Anthony J. Patrick, and Joshua James Jakubowski as the inventors and Plaintiff as the assignee.

10.    The '685 Patent is a reissue of U.S. Patent No. 9,877,591 issued to Plaintiff on January 30, 2018 ("the '591 Patent").  Defendant filed on May 10, 2019 in the U.S. District Court for the District of Connecticut a declaratory judgment action against Plaintiff seeking a declaration, *inter alia*, that the '591 Patent was invalid, unenforceable, and not infringed by Defendant's products ("the Declaratory Judgment Action").

11.    On May 16, 2019, Plaintiff filed a reissue patent application seeking a reissue of the '591 patent based in-part upon the prior art identified by Defendant in its Declaratory Judgment Action. The Declaratory Judgment Action was subsequently dismissed on March 20, 2024 after the issuance of the '685 Patent. The Order dismissing this Declaration Judgment Action made specific reference to the issuance of the '685 Patent.

12.    On information and belief, Defendant and its counsel have been aware of the '685 Patent since at least shortly after the date it issued on October 10, 2023, and Defendant has had knowledge of the underlying patent family and Plaintiff's related patent rights since at least the filing of its Declaratory Judgment Action in 2019.

13.    On information and belief, Defendant did not seek or obtain an opinion of counsel after obtaining knowledge of issuance of the '685 patent.

14.    Defendant has infringed one or more claims of the '685 Patent by making, using, importing, selling, and/or offering for sale a reversible mattress having a different firmness on each side, including but not limited to the Layla Memory Foam Mattress (the "Infringing Mattress")

3

shown in the below image available from Defendant's website at https://laylasleep.com/product/memory-foam-mattress/:



15.    A claim chart showing Defendant's infringement of the '685 Patent is attached hereto as Exhibit B and incorporated herein.

16.    Defendant has refused to cease selling the Infringing Mattress.

17.    With knowledge of the '685 Patent and its ongoing conduct, Defendant has demonstrated and continues to demonstrate a deliberate and conscious decision to infringe the '685 Patent, or at the very least has demonstrated a reckless disregard of Plaintiff's patent rights, which constitutes willful infringement.

18.    Despite having knowledge of Plaintiff's patent rights, Defendant will likely continue to willfully and deliberately engage in acts of infringement of the '685 patent unless enjoined by this Court.

19.    Plaintiff has lost and continues to lose revenue, profits, customers, market share, and goodwill as a result of the Defendant's infringement.

20.    The Defendant's continued making, using, importing, selling, and offering for sale the Infringing Mattress has injured, and will continue to cause irreparable injury to Plaintiff and Plaintiff's valuable patent rights, goodwill, reputation, and market share if not enjoined.

<u>COUNT I</u>
<strong>INFRINGEMENT OF U.S. REISSUE PATENT NO. RE49, 685</strong>

21.    Plaintiff hereby realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

22.    At all times herein mentioned, the '685 Patent was and is valid and fully enforceable.

23.    On information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '685 Patent by making, using, offering for sale, selling, and/or importing into the United States the Infringing Mattress. For example, the claim chart attached as Exhibit B shows the infringement of claim 1 of the '685 Patent.

24.    At no time has Plaintiff granted Defendant permission to utilize the technology claimed in the '685 Patent, and Defendant is not licensed to make, use, offer for sale, sell, or import any product that is covered by the claims of the '685 Patent.

25.    Defendant's infringement of the '685 Patent has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate for such infringement together with enhanced damages up to three times any amount ordered pursuant to 35 U.S.C. § 284.

26.    Defendant has infringed the '685 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention, for which there is no adequate remedy at law. Furthermore, the public interest would be served by

5

the issuance of an injunction. Therefore, Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless injunctive relief is issued enjoining Defendant's wrongful conduct from infringing the '685 Patent, Plaintiff will continue to be irreparably harmed.

27.    Plaintiff is entitled to recover its costs, expenses, and interest, including pre-judgment and post-judgment interest as appropriate pursuant to 35 U.S.C. § 284.

28.    Plaintiff is entitled to recover reasonable attorneys' fees as appropriate pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays for entry of a judgment:

A.    That Defendant has infringed the '685 Patent;

B.    That Defendant and its respective agents, servants, officers, directors, employees and all persons in privity or active concert or participation with them, directly or indirectly, be enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '685 Patent;

C.    That Defendant be ordered to account for and pay to Plaintiff damages adequate to compensate for Defendant's infringement of the '685 Patent, including lost profits and/or a reasonable royalty;

D.    That a post-judgment equitable accounting of damages be ordered for the period of infringement of the '685 Patent following the period of damages established by Plaintiff at trial;

E.    That this case be adjudged an exceptional case under 35 U.S.C. § 285 and that Plaintiff be awarded its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Defendant;

6

F.      For an award of pre-judgment interest, post-judgment interest, and costs in this action; and

G.      For such other relief to Plaintiff as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.


CONNOLLY GALLAGHER LLP


OF COUNSEL:

Joseph T. Miotke
Eric H. Chadwick
DeWitt LLP
13845 Bishops Drive
Brookfield, WI 53005
(262) 754-2840
jtmiotke@dewittllp.com
ehc@dewittllp.com

Dated: July 24, 2026

/s/Arthur G. Connolly III
Arthur G. Connolly III (#2667)
1201 N. Market Street
20th Floor
Wilmington, DE 19801
(302) 757-7300
asilverstein@connollygallagher.com

*Attorneys for Plaintiff*

7